**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **JAMES HARRINGTON, # B-54151** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 16-cv-048-SMY** |
| | ) | |
| **JOHN SONES,** | ) | |
| **and WEXFORD HEALTH SOURCE, INC.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff, currently incarcerated at Vandalia Correctional Center ("Vandalia"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendants have been deliberately indifferent to his serious dental condition. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A.

Under § 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). The Court must dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

On December 2, 2013, Defendant Sones (the Vandalia dentist) pulled three of Plaintiff's teeth which had become infected (Doc. 1, pp. 5, 7-9). After the extractions, Defendant Sones wanted to pull the rest of Plaintiff's teeth out as well. Plaintiff wanted a partial to replace the three teeth and asked Defendant Sones how long it would take to get one. Defendant Sones responded that if Plaintiff did not agree to get all his teeth pulled (after which he would require full dentures), he (Defendant Sones) would not fit Plaintiff for the partial.

Plaintiff's attached exhibits reveal that even before this incident, Plaintiff had a partial which had been held in by the teeth that Defendant Sones extracted (Doc. 1, pp. 7-9). After

those teeth were removed, Plaintiff could no longer use his original partial and needed a replacement for it.

Plaintiff refused to agree to have the rest of his teeth pulled and filed a grievance over the denial of a new partial.  His grievance was denied with the notation that because Plaintiff did not "accept the treatment plan," he did not qualify for replacement teeth (Doc. 1, pp. 5, 9).  Plaintiff disputes that he "refused treatment," stating that Illinois Department of Corrections policy does not require an inmate to get all his teeth pulled in order to get replacement teeth.  He complains that now, after the extraction, he can no longer chew his food properly.  According to his calculation, Plaintiff will not be released from prison until January 2017 (Doc. 1, p. 8).  Plaintiff seeks compensatory damages, as well as injunctive relief in the form of a new partial (Doc. 1, p. 6).

## Merits Review Pursuant to 28 U.S.C. § 1915A

Based on the allegations of the complaint, the Court finds it convenient to divide the *pro se* action into the following counts.  The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.  The designation of these counts does not constitute an opinion as to their merit.  Any other claim that is mentioned in the complaint but not addressed in this Order should be considered dismissed without prejudice.

> **Count 1:**  Eighth Amendment claim against Defendant Sones for deliberate indifference to Plaintiff's serious medical/dental need for a replacement partial after extracting three of his teeth;

> **Count 2:**  Eighth Amendment claim against Defendant Wexford Health Source, Inc., for deliberate indifference to Plaintiff's serious medical/dental need for a replacement partial after having three teeth extracted.

Count 1 shall proceed for further review.  Count 2, however, shall be dismissed without

prejudice for failure to state a claim upon which relief may be granted.

## Count 1 – Deliberate Indifference to Serious Dental Needs

In order to state a claim for deliberate indifference to a serious medical need, an inmate must show that he (1) suffered from an objectively serious medical condition; and (2) that the defendant was deliberately indifferent to a risk of serious harm from that condition. "Deliberate indifference is proven by demonstrating that a prison official knows of a substantial risk of harm to an inmate and either acts or fails to act in disregard of that risk. Delaying treatment may constitute deliberate indifference if such delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (internal citations and quotations omitted). *See also Farmer v. Brennan*, 511 U.S. 825, 842 (1994); *Perez v. Fenoglio*, 792 F.3d 768, 777-78 (7th Cir. 2015). The Eighth Amendment does not give prisoners entitlement to "demand specific care" or "the best care possible," but only requires "reasonable measures to meet a substantial risk of serious harm." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Further, a defendant's inadvertent error, negligence or even ordinary malpractice is insufficient to rise to the level of an Eighth Amendment constitutional violation. *See Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008).

The Seventh Circuit has recognized that dental care is "one of the most important medical needs of inmates." *See Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001). Furthermore, allegations that an inmate who was denied dentures could not chew his food, making eating difficult, and that he suffered bleeding, headaches, and disfigurement, state a serious medical need. *Id.*

As with the inmate in *Wynn*, Plaintiff here alleges that he cannot chew his food properly after Defendant Sones pulled his teeth and refused to provede Plaintiff with a replacement

partial.  Based on these facts, Plaintiff's deliberate indifference claim against Defendant Sones merits further consideration, and **Count 1** may proceed in this action.

### Dismissal of Count 2 – Defendant Wexford Health Source, Inc.

Based on the way Plaintiff listed Defendant Sones as a party and how Plaintiff structured the caption of this case, it is not entirely clear whether Plaintiff intended to sue Defendant Wexford Health Source, Inc. ("Wexford") as a distinct party.  Plaintiff may have included Wexford merely to identify that Wexford is the employer of Defendant Sones (Doc. 1, pp. 1, 3). Defendant Wexford is a corporation that provides medical and dental care at the prison, and in that capacity, it would employ Defendant Sones.  However, Defendant Wexford cannot be held liable for Defendant Sones' alleged misconduct solely on that basis.  A corporation can be held liable for deliberate indifference only if it had a policy or practice that caused the violation of a constitutional right.  *Woodward v. Corr. Med. Serv. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004).  *See also Jackson v. Ill. Medi-Car, Inc.,* 300 F.3d 760, 766 n.6 (7th Cir. 2002) (private corporation is treated as though it were a municipal entity in a § 1983 action).

Here, Plaintiff makes no allegation that Defendant Sones acted or failed to act as a result of an official policy or practice established by Defendant Wexford.  In fact, Plaintiff fails to mention Defendant Wexford at all in the body of his complaint.  *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption.").  Plaintiffs are required to associate specific defendants with specific claims, so that defendants are put on notice of the claims brought against them and so they can properly answer the complaint.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); FED. R. CIV. P. 8(a)(2).  Where a plaintiff does not include a defendant in his statement

of the claim, the defendant has not been put on notice of which claims in the complaint, if any, are directed against him.

For these reasons, Plaintiff's complaint fails to state a claim upon which relief may be granted against Defendant Wexford.  **Count 2** and Defendant Wexford shall therefore be dismissed without prejudice.

## Pending Motion

Plaintiff's motion for recruitment of counsel (Doc. 2) shall be referred to the United States Magistrate Judge for further consideration.

## Disposition

**COUNT 2** is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.  Defendant **WEXFORD HEALTH SOURCE, INC.** is **DISMISSED** from this action without prejudice.

The Clerk of Court shall prepare for Defendant **SONES:**  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff.  If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If the Defendant cannot be found at the address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above

or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file, nor disclosed by the Clerk.

Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every further pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of any document was served on Defendant or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Philip M. Frazier** for further pre-trial proceedings, which shall include a determination on the pending motion for recruitment of counsel (Doc. 2).

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Frazier for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will

cause a delay in the transmission of court documents and may result in dismissal of this action

for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: March 4, 2016**

s/ STACI M. YANDLE
**United States District Judge**